## Steelton Planing Mills Company *v.* Kunkel, Appellant.

*Practice, C. P.—Pleading—Statement of claim.*

In an action upon a contract to pay a stipulated price for lumber sold and delivered, a statement of claim is sufficient which sets forth the price, the date when same was sold and delivered, the kind and amount of lumber, the defendant's promise to pay, the price specified, and his failure to pay.

Argued March 11, 1902. Appeal, No. 6, March T., 1902, by defendant, from order of C. P. Dauphin Co., Jan. T., 1901, No. 545. refusing to strike off judgment in case of Steelton Planing Mill Company v. John C. Kunkle. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

72, (1902).] Statement of Facts—Opinion of Court below.

Motion to strike off judgment entered for want of an affidavit of defense.

Plaintiffs' statement was as follows:

The plaintiff, corporation, seeks to recover from the defendant the sum of $788.03, with interest thereon from August 22, 1900, for lumber sold and delivered by the plaintiff to the defendant, at the special instance and request of the defendant; which sum the defendant promised to pay the plaintiff, in consideration of the premises, but he has failed to pay the said sum or any part thereof, therefore the plaintiff brings suit.

Plaintiff attaches hereto as part hereof, an itemized statement showing the character, amounts and prices of the said lumber, and the date when the same was sold and delivered to the said defendant.

1900:
May 22, To 46 Hem. 1×16×20 — 0 450 ft.,
$23.00 . . . . . . $10 35
3 W. Pine 1×6×16-0 24 ft., 5c. . 1 20
3 " 1×4×16-0 16 ft., 5c. . 80

\* \* \* \* \* \* \* \*

WEISS, J., filed the following opinion:

The plaintiff by its statement informs the defendant that he promised to pay the company the sum of $788.03 with interest from August 22, 1900, for lumber sold and delivered by it to him; that he failed to pay that sum or any part of it; that it seeks a recovery from him for that amount and attaches to, and makes part of the statement, an itemized exhibit of the character, quantity and prices of the lumber sold, together with the dates of sale and delivery of the material furnished.

The act of 1806 requires that not only the nature of the demand and the date of the promise on which the demand is found be set forth in the statement, but also " the whole amount that he, she, or they, believe is justly due to him, her, or them, from the defendant."

The act of 1887 provides that the plaintiff's declaration in the action of assumpsit shall consist of a concise statement of the plaintiff's demand as provided by the 5th section of the act of March 21, 1806, which in that action shall be accom-

panied by copies of all notes, contracts, book accounts, etc., upon which the plaintiff's action is founded.

When the company says that the defendant promised, but failed to pay into it a fixed sum for lumber sold and delivered to him at stated times, and details the kind, quantity and price of the articles furnished at the several dates, during several months, it requires more of an effort to get away from the proposition that he or it believes that the whole amount is justly due, than it does to get to it. Where the plaintiff asserts a material fact in his pleadings, and it is not denied by the person charged with the nonobservance of the stated duty, it is not extravagant to assume that he believes in the justice of his demand.

Furthermore, an averment of a sale of a designated article at a fixed price, a delivery of it, a promise by the purchaser to pay for it—which becomes enforceable upon delivery in the absence of a specified time for payment—and a failure on his part to do so, comprises about every material element which constitutes a brief or concise statement of a claim. For instance, the plaintiff declares that he sold and delivered on May 22, 1900, " 24,000 No. 1 W. Pine Shingles, $8.90—$213.60 " unto the defendant, and that the latter promised to pay the plaintiff that price for that kind and quantity of shingles. It is not stated that $8.90 means that much per thousand shingles, but the total leaves no doubt about that meaning, as the simplest effort in arithmetic demonstrates.

The same is true of every article in the "itemized statement."

It is quite likely that the items in the schedule were copied from books kept by the plaintiff, and it is just as probable that the contract was oral. If the plaintiff had sold and delivered unto the defendant a lot of cattle, it is reasonable to believe that he would have made an entry in a book, setting forth the number, date, weight, price per hundred or pound weight, and the product of the multiplication of the total avoirdupois by the price per hundred or per pound weight; and it is inerrant that those same items embodied in a statement, without reference to the memorandum, would exhibit brevity, conciseness and completeness, and embrace all matters of substance.

To plead a sale and delivery of a specified article, or articles,

with the date, kind, quantity and price, a promise by the purchaser to pay and a failure to fulfill that promise, constitutes a substantive statement of a claim or demand, and indeed an attempt at elucidation is apt to degenerate into perplexity and mystification.

Being of opinion that this statement embraces all the essential requisites, there remains only the duty to overrule the motion to strike off the judgment, and to authorize such further proceedings as are warranted by law, which is accordingly done.

*Error assigned* was the order of the court.

*C. L. Bailey*, of *Wolfe & Bailey*, for appellant.—The statement filed does not allege that the statement attached thereto is a copy of a book account, or is taken and copied from the plaintiff's books of original entry, and there is nothing in the statement so attached to show that it is taken from plaintiff's books of original entry, or that the items therein set forth are charged against the defendant: Bangs v. Fechter, 2 W. N. C. 261; Wall v. Dovey, 60 Pa. 212; Moore v. Humphreys, 1 W. N. C. 157; Kahn v. Marquis, 1 W. N. C. 221; Carr v. Mountjoy, 1 W. N. C. 360; Becker v. Loucheim, 1 W. N. C. 429; Rothermel v. Polytechnic College, 7 W. N. C. 16; Farrell v. Baxter, 11 W. N. C. 400; Williamson v. Earp, 5 W. N. C. 40; Gould v. Gage, 118 Pa. 559; Fritz v. Hathaway, 135 Pa. 274; Loeb v. Heere, 19 Pa. C. C. Rep. 641.

If it is intended to allege an express contract or promise on the part of the defendant to pay for the lumber claimed to have been furnished him, the prices set forth in the schedule, then the statement is insufficient in that it does not set forth such express promise, its date, etc.; or if it is intended to allege that the lumber mentioned in the schedule attached thereto was furnished to the defendant at his request, and upon his implied promise to pay therefor what it was reasonably worth, then the statement is insufficient in that it does not allege that the lumber so claimed to have been furnished was reasonably worth, at the time of the sale and delivery thereof to the defendant, the amounts claimed therefor by the plaintiff: Doriot v. Hagemann, 21 W. N. C. 556; McLaughlin v. McLaughlin, 159 Pa. 489; Murphy v. Taylor, 173 Pa. 317.

*William H. Middleton*, with him *A. J. Feight*, for appellee, cited: Smith, Keim & French Co. v. Smith, 166 Pa. 563; Gould v. Gage, 118 Pa. 559; Penn Nat. Bank v. Kopitsch Soap Co., 161 Pa. 134.

PER CURIAM, April 21, 1902:

We are of opinion that the court committed no error in refusing to strike off the judgment. The plaintiff's action was not upon a book account but upon a contract of the defendant to pay a stipulated price for lumber sold and delivered. The price, the date when the same was sold and delivered, the kind and amount of lumber, the defendant's promise to pay the price specified and his failure to pay were set forth in the plaintiff's statement with sufficient precision to secure to the defendant clear and exact information of what was claimed of him. The case is plainly distinguishable from the cases relied on by his counsel. The learned judge below well says: "To plead a sale and delivery of a specified article, or articles, with the date, kind, quantity and price, a promise by the purchaser to pay and a failure to fulfill that promise, constitutes a substantive statement of a claim or demand, and indeed an attempt at elucidation is apt to degenerate into perplexity and mystification." All that need be said in vindication of the action of the court is contained in his opinion.

The order is affirmed and the appeal dismissed at the costs of the appellant.